# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00150-MR-WCM

| | |
|---|---|
| **CARL WOMACK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **JOHANNA FINKELSTEIN,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed without Prepayment of Fees or Costs [Doc. 2] and the Plaintiff's "Petition for Enforcement of Olmstead Act, and Community Based Health Care" [Doc. 3].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This is the fourth lawsuit brought by the Plaintiff Carl Womack related to state court proceedings in which his mother, Ruth Womack, was placed in protective custody with the Rutherford County Department of Social Services and ultimately declared to be incompetent. In the first action, the Plaintiff and Ruth Womack asserted claims under 42 U.S.C. § 1983 and other federal civil rights statutes against the Rutherford County Clerk of Court and

employees of the Rutherford County Department of Social Services. [Civil Case No. 1:17-cv-00173-MR-DLH, Doc. 1]. The Court dismissed the Plaintiff's claims asserted in that action on the grounds of lack of subject matter jurisdiction, and the Fourth Circuit Court of Appeals affirmed. [Id. at Docs. 3, 8].

In the second action, the Plaintiff asserted claims under 42 U.S.C. § 1983 and 18 U.S.C. § 242 against the guardian of his mother's estate, Merrimon Oxley. [Civil Case No. 1:18-cv-00266-MR-DLH, Doc. 1]. The Court dismissed the Plaintiff's claims as frivolous. [Id. at Doc. 3].

In the third action, the Plaintiff asserted claims against the Cleveland County Clerk of Court, Carrie Howell; guardian *ad litem* Karen Wright; and the Shelby Police Department under 42 U.S.C. § 1983, 18 U.S.C. § 241, and 42 U.S.C. § 1985. [Civil Case No. 1:18-cv-00352-MR-WCM, Doc. 1]. The Court dismissed this action for failing to state a claim and for lack of subject matter jurisdiction. [Id. at Doc. 4]. The Court further warned the Plaintiff that future frivolous filings would result in the imposition of a pre-filing system. [Id.].

The Plaintiff now returns to this Court, asserting claims under 42 U.S.C. § 1983 against the Assistant Clerk of Court for the Superior Court for

Buncombe County, Johanna Finkelstein.  Specifically, the Plaintiff alleges that the Defendant violated his First Amendment right to petition the Government for a redress of grievances and committed obstruction of justice by failing to schedule a hearing on a motion filed by the Plaintiff for the removal of his mother's guardian.  [Doc. 1 at 4, 6-7].  The Plaintiff further alleges that the Defendant violated his constitutional rights by denying a number of his motions during proceedings related to the restoration of his mother's competency.  [Id. at 7].  Finally, while conceding that such does not constitute a violation of his civil rights, the Plaintiff alleges that the Defendant conspired with his mother's guardian and others to commit Medicaid fraud.  [Id. at 4].  The Plaintiff alleges that he was discriminated against on the basis of his class, as the Defendant and others involved in the restoration proceeding were lawyers.  [Id. at 7-8].

In addition to his Complaint, the Plaintiff also has filed a Petition seeking release of his mother from the nursing home where she resides as a well as an award of damages.  [Doc. 3].  In this Petition, the Plaintiff notes that he has appealed the state court rulings that have been made against him to the North Carolina Court of Appeals.  [Id. at 10].

## II.  STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed in forma pauperis, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").  A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

4

clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

## III. DISCUSSION

By the present action, the Plaintiff again seeks to challenge the actions of an assistant clerk of court taken during the course of the state court proceedings related to his mother's competency. Judges possess absolute immunity for judicial acts and can be subject to liability only in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "Similarly, court clerks enjoy derivative absolute judicial immunity when they act in obedience to a judicial order or under the court's direction."

Hamilton v. Murray, 648 F. App'x 344, 344-45 (4th Cir. 2016), cert. denied; 137 S. Ct. 1225 (2017); McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972). Here, there are no allegations that the Defendant acted in the "clear absence of all jurisdiction" or did anything other than act in obedience to a judicial order or under the court's direction. The Defendant is therefore immune from suit, and the Plaintiff's claims against her must be dismissed. See Williams v. Cooper, No. 3:12-CV-83-RJC, 2012 WL 4498271, at *3 (W.D.N.C. Sept. 28, 2012); Hedgepeth v. Wilkes, No. 3:12-cv-262-RJC, 2012 WL 2092853, at *5-6 (W.D.N.C. June 11, 2012), aff'd, 489 F. App'x 728 (4th Cir. 2012).

Even if the Defendant were not protected by quasi-judicial immunity, the Rooker-Feldman doctrine precludes the Court from considering the Plaintiff's claims. The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal

6

rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

In the present case, the Plaintiff challenges the actions of the Clerk of Court in the course of state court proceedings regarding his mother. Because the Plaintiff does not allege any injury independent of what flows from the result of this state-court action[1], the Court concludes that these claims must be dismissed pursuant to the Rooker-Feldman doctrine for lack

---

[1] While the Plaintiff alleges that the Defendant and others conspired to commit Medicaid fraud, he concedes that this alleged conduct did not injure him or otherwise cause a deprivation of his constitutional rights. [Doc. 1 at 4]. The Plaintiff therefore does not appear to have standing to assert such a claim.

of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the state court's orders, he must do so in the North Carolina state courts.

As noted above, this is the fourth civil action that Mr. Womack has filed attempting to challenge the state court competency proceedings involving his mother. All these actions have now been dismissed for being frivolous, for lack of subject matter jurisdiction or for failing to state a claim.

In dismissing the Plaintiff's last action, the Court warned the Plaintiff that future frivolous filings would result in the imposition of a pre-filing review system. [Civil Case No. 1:18-cv-00352-MR-WCM, Doc. 4]. A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on

the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. The Plaintiff has made a series of repetitive, frivolous filings challenging the state court proceedings regarding the competency of his mother. Despite three prior Orders clearly explaining the baselessness of the Plaintiff's filings, the Plaintiff continues to file his meritless pleadings. These filings are burdensome on the Court, as they have caused the Court to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing

review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**, and the Plaintiff's Complaint [Doc. 1], and "Petition for Enforcement of Olmstead Act, and Community Based Health Care" [Doc. 3] are **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiff shall file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.

**IT IS SO ORDERED.**

Signed: June 4, 2019

Martin Reidinger
United States District Judge